Imelda Yulianti Hartono **JUWONO**; Heriawan, Petitioners,

v.

Michael B. **MUKASEY**, Attorney General, Respondent.

No. 04–72408.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008.*

Filed Jan. 18, 2008.

Anthony S. Wilaras, Esq., Law Office of Anthony S. Wilaras, Riverside, CA, for Petitioners.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Ari Nazarov, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN and PAEZ, Circuit Judges.

### MEMORANDUM **

Imelda Yulianti Hartono Juwono and her husband, Heriawan, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' decision, summarily affirming an Immigration Judge's ("IJ") order denying their application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Malhi v. INS*, 336 F.3d 989, 992–93 (9th Cir.2003), and we deny the petition.

Substantial evidence supports the IJ's finding that petitioners failed to demonstrate past persecution. *See Singh v. INS*, 134 F.3d 962, 970–71 (9th Cir.1998). Substantial evidence further supports the IJ's finding that petitioners failed to establish a well-founded fear of future persecution,

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

because they failed to demonstrate the requisite individualized risk of persecution. *Cf. Sael v. Ashcroft,* 386 F.3d 922, 927 (9th Cir.2004). Accordingly, petitioners' asylum claim fails.

Because petitioners cannot meet their burden to demonstrate eligibility for asylum, they necessarily fail to meet the more stringent standard for withholding of removal. *See Mansour v. Ashcroft,* 390 F.3d 667, 673 (9th Cir.2004).

In the opening brief, petitioners failed to raise, and therefore have waived, any challenge to the IJ's determination that they are ineligible for CAT relief. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996).

### PETITION FOR REVIEW DENIED.

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.